*682 OPINION.
Marquette :
The petitioners in 1920 purchased shares of the capital stock of the Super-Refining Process Corporation, and, after the transaction described in the findings of fact, in computing their net *683 incomes for 1923 they deducted the cost of the stock as losses sustained in that year. The respondent disallowed the deductions, and he contends that the transaction was a reorganization of the Super-Refining Process Corporation and the Super-Refined Metals Co., and that under section 202 (c) (2) of the Revenue Act of 1921 no loss should be recognized. Said section provides that:
(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—
* * * ⅛ * * *
(2) When in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization. The word “ reorganization ” as used in this paragraph, includes a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or of substantially all the properties of another corporation), recapitalization, or mere change in identity, form, or place of organization of a corporation, (however effected) * ⅜ ⅜.
It is not necessary for us to discuss or decide whether the transaction, or series of transactions whereby the petitioners surrendered or otherwise disposed of their stock in the Super-Refining Process Corporation and acquired stock in the Super-Refined Metals Corporation, constituted a reorganization of the two old companies. Assuming that there was a reorganization within the meaning of section 202 (c) (2) of the Revenue Act of 1921, as contended by the respondent, it nevertheless does not follow that the reorganization was carried out in such a way as to prevent recognition of gain or-loss, if there was gain or loss in fact. None of the petitioners received “ in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization.” In the case of William H. Mullins, 14 B. T. A. 426, the Board, in considering a situation strikingly similar to the one here presented, said:
It may be conceded that the purpose and plan of this transaction was a reorganization of the Old Company, but that fact is not determinative of the question here nor is it of any essential significance. We are concerned only with whether or not the petitioner received 24,788 shares of common stock in the New Company, plus cash, in exchange for stock in the Old Company, within the meaning of the Act. And this question must be resolved upon what was actually done, and not the effect of what was done (B. F. Saul, 4 B. T. A. 639, 647), nor upon what may have been the design and purpose of the parties to the transaction (United States v. Phellis, 267 U. S. 156, 172). Neither is it material that the same result might have been obtained by some *684 other method or plan of reorganization. In the case of Anna M. Harkness, 1 B. T. A. 127, 130, we said:
It seems to us to be fundamentally unsound to determine income-tax liability by what might have taken place rather than what actually occurred. Even though the practical effect may be the same in either case, the resulting tax liability may be quite different. United States v. Isham, 17 Wall. 496.
Speaking generally, in determining what was actually done in any case, this Board will regard substance rather than form. However, material and essential facts will not be dismissed or put aside as mere matters of form simpiy because they are related to and are steps in a comprehensive plan of reorganization, or together constitute a method for the attainment of a single desired result. Edward A. Langenbach, 2 B. T. A. 777, 784. In the instant case each step employed to bring about the ultimate result was essential to the consummation of the transaction, and it can not be said that each, or any one, was not substantial.
At the beginning of the transactions set forth in our findings, the petitioner possessed 1,858 shares of stock in the Old Company; at the conclusion he possessed a certain amount of cash and 24,788 shares of new stock. It does not necessarily follow, however, that the new stock was obtained in exchange for old stock. The old stock was not transferred or assigned to the New Company, and the new stock was not acquired from the Old Company. Neither company at any time acquired or owned any stock in the other. The two companies were separate and independent entities. The Old Company sold its assets in the New Company and received cash in payment. The petitioner, as agent of the stockholders of the Old Company, acquired the new stock from the New Company and paid cash for the same. As a stockholder of the Old Company he received his proportion of the cash dividend declared and distributed by that company. The fact that the petitioner promoted the reorganization and represented the interested parties in handling the details, does not alter the true character of the transactions.
The sale by the Old Company of its assets to the New Company, the distribution by the Old Company of the cash dividend to its stockholders, and the purchase by the latter of stock from the New Company, were separate transactions between independent entities. The fact that these several transactions together comprised a single plan of reorganization docs not render them any the less separate and distinct undertakings. The nature of each transaction is determinable from the facts relating to it, and is not changed because of its association with other transactions in a larger and more comprehensive plan.
What happened in the instant cases was that the two old corporations were financially involved and the value of their assets was less than the amount of their debts. The new corporation purchased their assets and in payment assumed all of the debts of the old corporations, a valuable and adequate consideration, and the equivalent of cash. The petitioners and a number of the other stockholders of the old corporations subscribed for stock of the new corporation, for which they paid cash, substantially at par. The petitioners’ shares of stock in the Super-Refining Process Corporation were not at any time transferred to the new corporation. On the other hand, the stock was worthless and upon the dissolution of the Super-Refining Process Corporation the petitioners received nothing, except possibly *685 the right to subscribe to and purchase stock of the new corporation. What they did get out of the transaction, or series of transactions, was new stock in a new corporation for a new investment of money.
It is our opinion that each of the petitioners sustained a loss in 1923 in the amount of the cost to him of his shares of the capital stock of the Super-Refining Process Corporation, and that the respondent erred in disallowing deductions taken on account of those losses.

Decision will be entered under Rule 50.